Filed 3/17/26  P. v. Lopez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>SERGIO LOPEZ,<br><br>       Defendant and Appellant. | E086017<br><br>(Super.Ct.No. FWV24003469)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Daniel Detienne, Judge.  Affirmed.

Ariana D'Agostino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Sergio Lopez appeals the judgment of the San Bernardino County Superior Court entered against him following a jury trial.

## BACKGROUND

In October 2024, defendant went into a Home Depot and robbed two of its employees. He was charged by information with two counts of second degree robbery (Pen. Code § 211).[1] The information also alleged that defendant had suffered a prior conviction that qualified as a strike (§§ 667, subds. (b)–(i), 1170.12, subd. (a)-(d)) and a serious felony prior (§ 667, subd. (a)(1)), and alleged 10 aggravating factors (§1170, subd. (b)(2)).

The trial court granted defendant's motion to bifurcate the proceedings so the jury would hear only the evidence concerning the robberies. After the People rested, defendant moved pursuant to section 1118.1 for acquittal on the grounds that the People had not established that he used force and fear against the Home Depot employees. The motion was denied.

The jury found defendant guilty of the two counts of second-degree robbery. Thereafter, the trial court granted defendant's request to proceed in pro per for his sentencing. The court found true the allegation that defendant had a prior conviction, as well as the aggravating factors that defendant was armed, he had numerous prior convictions of increasing seriousness, and he had served a prior prison sentence.

---

[1] All further statutory reference are to the Penal Code.

At the sentencing hearing, the trial court declined to grant defendant's request to dismiss his prior strike, it dismissed the five-year enhancement for a serious prior felony, and, as to each of the second degree robbery counts, it imposed 10 years (the upper term of five years doubled on account of the strike), with the sentence for count 2 to run concurrently with the sentence imposed for count 1. Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He notes that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 440–442.

The brief lists the issues counsel considered: (i) whether the trial court erred when it denied defendant's section 1118.1 motion; (ii) whether defendant's sentence violated section 654; (iii) whether the trial court acted properly when it granted defendant's request to represent himself; (iv) whether the court properly denied defendant's motion to dismiss his strike; and, (v) whether the trial court properly imposed the upper term.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119 we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.
CODRINGTON
J.

4